**VIRGINIA ELECTRIC AND POWER COMPANY, Petitioner,**

**v.**

**FEDERAL POWER COMMISSION, Respondent.**

**No. 9886.**

United States Court of Appeals Fourth Circuit.

Argued June 30, 1965.

Decided Oct. 6, 1965.

Patrick A. Gibson, Richmond, Va. (George D. Gibson, T. Justin Moore, Jr., and Robert F. Brooks and Hunton, Williams, Gay, Powell & Gibson, Richmond, Va., on brief), for petitioner.

Paul A. Sweeney, Atty., F. P. C. (Richard A. Solomon, Gen. Counsel, Howard E. Wahrenbrock, Sol., and Joseph B. Hobbs, Atty., F. P. C., on brief), for respondent.

Before BRYAN and J. SPENCER BELL, Circuit Judges, and THOMSEN, District Judge.

J. SPENCER BELL, Circuit Judge.

The petitioner, Virginia Electric and Power Company [hereinafter Vepco], seeks to set aside an interim order of the Federal Power Commission [hereinafter the Commission] entered under section 10(f) of the Federal Power Act.[1]

---

1. "(f) That whenever any licensee hereunder is directly benefited by the construction work of another licensee, a permittee, or of the United States of a storage reservoir or other headwater improvement, the Commission shall require as a condition of the license that the licensee so benefited shall reimburse the owner of such reservoir or other improvements for such part of the annual charges for interest, maintenance, and depreciation thereon as the Commission may deem equitable. The proportion of such charges to be paid by any licensee shall be determined by the Commission. The licensees or permittees affected shall pay to the United States the cost of making such determination as fixed by the Commission.

"Whenever such reservoir or other improvement is constructed by the United States the Commission shall assess similar charges against any licensee directly benefited thereby, and any amount so assessed shall be paid into the Treasury of the United States, to be reserved and appropriated as a part of the special fund for headwater improvements as provided in section 810 of this title.

"Whenever any power project not under license is benefited by the construction work of a licensee or permittee, the United States or any agency thereof, the Commission, after notice to the owner or owners of such unlicensed project, shall determine and fix a reasonable and equitable annual charge to be paid to the licensee or permittee on account of such benefits, or to the United States if it be the owner of such headwater improvement." 16 U.S.C.A. § 803(f).

The order requires Vepco to pay a specified sum in partial satisfaction of its obligations for certain headwater benefits conferred by upstream dams constructed by the Government upon the petitioner's Roanoke Rapids hydroelectric development project during the period between August 1, 1955, and December 31, 1962.

The petitioner's project, which was constructed pursuant to a license issued by the Commission, commenced initial operations on July 18, 1955. At that time, the United States had in operation the upstream dams involved in this proceeding, both of which had begun operations in 1953. Pursuant to the mandate of the Act, an investigation was commenced by the Commission in 1956. Its purpose was to determine the amount of the annual charges which should be assessed against the petitioner's project because of the headwater benefits conferred thereon by the Government's upstream dams. Between 1956 and April of 1964, Vepco was kept informed of the progress of the study, and numerous conferences were held between members of the Commission's staff and representatives of Vepco. In April of 1964, the staff prepared a report recommending that Vepco be assessed $983,300.00 for the benefits conferred by the upstream Government dams and $33,900.00 for the cost of making the study. Copies of the report were sent to Vepco for its comments. Vepco commented on the report and protested the headwater benefits assessment in a letter dated July 27, 1964.[2] Two legal arguments against the assessment were advanced. First, it was contended that the Commission staff should have allowed an offset for re-regulation benefits provided to the Government by the Vepco project which Vepco claimed exceeded the amount of the headwater benefits and should, therefore, have resulted in no assessment against it. Second, it was asserted that the benefits should at least be split equally between the parties with the result that the Vepco charge would be one-half of the value of the net benefits accruing to its project. In the July 27 letter Vepco also submitted a figure of $559,900.00 as its computation of the value of the headwater benefits conferred upon it, assuming that the Commission had adopted a legally valid formula for its computations and that it was correct in rejecting the two legal arguments advanced by Vepco. Because of the legal questions raised in the July 27 letter, the staff submitted the matter of billing Vepco to the Commission.

On November 9, 1964, this court decided South Carolina Electric & Gas Co. v. Federal Power Comm., 338 F.2d 898. In that case both of the legal questions raised by Vepco in the July 27 letter were decided adversely to its contentions.[3] The court also held that the formula used by the Commission (and utilized in computing the Vepco headwater benefits assessment here) was reasonable and lawful.

Subsequent to the judgment of this court in the South Carolina case, the Commission entered an order directing Vepco to pay $593,890 in partial satisfaction of its headwater benefits obligation. The order expressly recited that it was an interim billing based upon Vepco's concessions in the July 27 letter regarding the quantity and value of the energy gain it derived from the upstream water flow regulation for the interval of the report. In its brief and in oral argument before us, Vepco has reiterated that it does not contest those facts. Nor, it seems, does Vepco now question the power of the Commission to enter an interim assessment as such. Its sole contention in its petition for a re-

---

2. Vepco did not seriously question the $33,900.00 assessment for the cost of making the headwater benefits study.

3. Vepco also had filed an amicus brief in the South Carolina case.

hearing before the Commission [4] and on this appeal is that the Commission had no authority to enter an order directing it to pay for any headwater benefits in the absence of a hearing and the compilation of a formal record which would occur at such a hearing.

We cannot agree with the petitioner's contention. In view of Vepco's concession, even now, of all the facts necessary to support the Commission's order and of the Commission's power to enter an interim billing order as such, we are at a loss to understand what would be gained by a formal hearing. The "record" before this court, which consists of extracts from the staff report and the correspondence of the parties, furnishes an ample factual basis for the petitioner's arguments with respect to the points of law it has raised. The Commission, relying on this court's thorough and exhaustive opinion in the South Carolina case, felt that it would have been futile to hold a hearing on purely legal questions which had been settled only so recently.

Neither the Federal Power Act nor the Commission's regulations make an administrative hearing a condition precedent for an interim benefit assessment by the FPC. Nor, in our judgment, does due process require a hearing where, as here, no factual controversy exists and the litigant seeks merely to controvert the legal principles upon which the Commission acts, something he can readily do by exercising his statutory right of appeal to the federal courts.[5] Cf. Lichter v. United States, 334 U.S. 742, 791, 68 S.Ct. 1294, 92 L.Ed. 1694 (1948); Federal Communications Commission v. WJR, The Goodwill Station, Inc., 337 U.S. 265, 274, 69 S.Ct. 1097, 93 L.Ed. 1353 (1949).

The petition to review and set aside the interim assessment order is denied.

Petition denied.

4. This petition was denied on February 11, 1965.